UNITED DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAURICE DUCKWORTH AND RACHEL DUCKWORTH | * * * | DOCKET NO. 23-CV-04094 |
| VERSUS | * * | JUDGE GREG GERARD GUIDRY |
| UNITED SERVICE AUTOMOBILE ASSOCIATION | * * | MAGISTRATE MICHAEL NORTH |

## ORDER AND REASONS

The Court has before it Defendant United Service Automobile Association's ("USAA") Motion to Dismiss the above-captioned matter for lack of jurisdiction. R. Doc. 9. USAA asserts the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because it, as an unincorporated association with members in each state, including Louisiana, is not diverse from Louisiana-resident Plaintiffs Maurice and Rachel Duckworth. R. Doc. 9-1. In opposition, Plaintiffs argue USAA should be considered a citizen of Texas, pointing to cases in which USAA General Indemnity Company ("USAA GIC") has asserted Texas citizenship. R. Doc. 13. But USAA GIC is a subsidiary of USAA incorporated in Texas, not USAA itself, and the Court cannot impute USAA GIC's Texas citizenship to USAA. *See, e.g.*, *Ourso v. United Servs. Auto. Ass'n*, 2007 WL 275902, at *1–*2 (E.D. La. Jan. 25, 2007) (granting similar motion filed by USAA to dismiss for lack of diversity jurisdiction on the basis that USAA is a reciprocal interinsurance exchange with members who reside in all 50 states). Accordingly, the Court lacks jurisdiction over this dispute and USAA's Motion to Dismiss must be granted.

1

However, Plaintiffs also seek leave of court to file an amended complaint naming USAA Casualty and Insurance Company as the proper defendant to this action in place of USAA. In light of this Court's holding that Plaintiffs cannot maintain the instant suit against USAA due to lack of federal subject matter jurisdiction and the likelihood that their claims could not be raised anew in state court due to prescription, good cause exists to allow this amendment. Accordingly;

**IT IS ORDERED** that USAA's Motion to Dismiss, R. Doc. 9, is **GRANTED**, and Plaintiffs' claims raised in this action against USAA are hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiffs are **GRANTED LEAVE** to file an amended complaint no later than <u>March 12, 2024</u>. Should Plaintiffs fail to amend their complaint by that deadline, or, if necessary, to seek an extension prior to the expiration of that deadline, this case will be dismissed without further notice.

New Orleans, Louisiana, this 27th day of February, 2024.

_____
Greg Gerard Guidry
United States District Judge